UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE JAMES HOUSTON, <br><br> Plaintiff, <br><br> v. <br><br> RANDY PFISTER, et al., <br><br> Defendants. | No. 16 C 8861 <br> Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendant Randy Pfister's ("Pfister") motion to dismiss Count II of Plaintiff Willie James Houston's ("Houston") amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the Court grants Pfister's motion.

## STATEMENT

The following facts are taken from Houston's amended complaint and are assumed to be true for purposes of this motion. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in Houston's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At all times relevant to this amended complaint, Houston was an inmate at the Stateville Correctional Facility ("Stateville"), located in Crest Hill, Illinois. On July 18, 2016, Houston asked prison guards to remove him from his cell because he

received threats from his cellmate, Trevaughan Bowers ("Bowers"). Houston alleges that Bowers called him a "snitch" and a "bitch" and "threated to break every bone in his body if he did not get out of the cell." Moreover, Houston contends that Bowers knew he formerly served as a gang informant.[1] According to Houston, corrections officers did not take his request seriously and failed to move him to a different cell. Subsequently, Bowers attacked Houston. Houston now brings a three count suit against three named Defendants, alleging violations of his Eighth Amendment rights, including: failure to protect brought against correctional officers Marcus Allen ("Allen") and Bryan Sullivan ("Sullivan") (Count I); failure to protect brought against Stateville Warden Randy Pfister ("Pfister") (Count II); and medical indifference brought against Allen and Sullivan (Count III). For purposes for this motion, we consider only Count II.

In Count II, Houston alleges that Pfister "enacted and upheld . . . cell placement policies that caused a substantial risk of harm to" his safety and protection. Pfister contends that Houston "fails to assert . . . that Pfister was actually involved in his alleged constitutional violation."

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to "take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). However, every injury suffered by one prisoner at the hands of another does not constitute a violation of the

---

[1] Houston served as a gang informant from approximately 1993 through approximately 2003.

Eighth Amendment's prohibition of "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, an Eighth Amendment violation exists only if prison officials acted with "deliberate indifference." *Id*. A claim of deliberate indifference based on a prison official's failure to protect an inmate from harm contains both an objective and a subjective component. *Id.* To satisfy the objective component, a prisoner must demonstrate the existence of an "excessive risk" to his "health and safety." *Id.* To satisfy the subjective component, a prisoner must demonstrate that the prison official acted with "something approaching a total unconcern for [plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Farmer*, 511 U.S. at 834. Liability under 42 U.S.C. § 1983 requires a defendant's direct personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Here, Houston does not contest that Pfister lacked personal knowledge of the allegations in the amended complaint. Instead, Houston argues Pfister knew or should have known that the policies he created and upheld permitted Houston to be beaten. To support his argument, Houston relies heavily on *Walsh v. Mellas*, 837 F. 3d 789 (7th Cir. 1998). In *Walsh*, the plaintiff alleged defendants failed to follow their stated policy of reviewing offenders for compatibility before placing them in the same cell. Furthermore, the record in *Walsh* established that authorities were aware that gang-related attacks were a serious security problem at Stateville and that defendants knew the plaintiff was a targeted inmate. Since defendants failed to follow their screening

3

procedure and placed the plaintiff in a cell with a rival gang member, the Court concluded that defendants failed to respond to a known danger to the plaintiff. *Walsh*, 837 F. 3d at 797. However, the facts of *Walsh* are distinguishable from the facts of this case.

Unlike *Walsh*, which concerned a specific policy, Houston fails to cite any policy which he believes caused his injuries. Houston instead makes general allegations that Pfister's "cell placement policies caused a substantial risk of harm to [his] safety and protection." These vague and conclusory allegations are insufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, unlike the plaintiff in *Walsh*, who was known by prison officials to be a targeted inmate, Houston fails to provide any evidence that the threat of retaliation against him was "real and significant." Houston's assertion of "widespread" assaults against informants at Stateville is unsupported by any factual evidence. *Id.* Therefore, Houston has failed to adequately plead that he was at real or significant risk of attack.

For these reasons, Pfister's motion to dismiss Count II is granted.

Dated: 6/5/17

_____
Charles P. Kocoras
United States District Judge